

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

TONY ASHFORD, MARK JOHNSON, STEVE )
AND SHONNA MELTON, Individually and as )
Husband and Wife, DENNIS MILLER, BRUCE )
MEYERS, GARY WYRRICK, DALE AND )
MISTY DEFFENBAUGH, Individually and as )
Husband and Wife, and as Parents and Next of )
Friend of CORY, BRANDON, AND ADAM )
DEFFENBAUGH; JOE AND MARTHA )
PENNINGTON, Individually and as Husband )
and Wife; )
                            )
              **Plaintiffs,** )
              )
**vs.**                          )
              )
ALLIED INTERSTATE, INC., a Registered )
Corporation in the State of Minnesota on )
June 19, 1997 ("Allied 1"); ALLIED )
INTERSTATE, INC., a Registered Corporation )
in the State of Minnesota on July 23, 2001 )
("Allied 2"); ALLIED INTERSTATE, INC., a )
Registered Corporation in the State of )
Minnesota on April 25, 1996 ("Allied 3"); )
ALLIED INTERSTATE, INC., a Registered )
Corporation in the State of Minnesota on )
September 3, 1992 ("Allied 4"); ALLIED )
INTERSTATE, INC., a Registered Corporation )
in the State of Minnesota on March 4, 1992 )
("Allied 5"); ALLIED INTERSTATE, INC., a )
Registered Corporation in the State of )
Minnesota on August 12, 1991 ("Allied 6"); )
ALLIED INTERSTATE, INC., a Registered )
Corporation in the State of Minnesota on )
March 25, 1996 ("Allied 7"); ALLIED )
INTERSTATE, INC., a Registered Corporation )
in the State of Minnesota on March 7, 2000 )
("Allied 8"); ALLIED INTERSTATE, INC., a )
Registered Corporation in the State of )
Minnesota on December 21, 2000 ("Allied 9"); )
ALLIED INTERSTATE, INC., a Registered )
Corporation in the State of Minnesota on )
February 18, 1992 ("Allied 10"); ALLIED )
INTERSTATE, INC., a Registered Corporation )
in the State of Minnesota on May 12, 1998 )

**F I L E D**

JUL 0 5 2002

Phil Lombardi, Clerk
U.S. DISTRICT COURT

02CV  Case No. _____ 528H(X)

1

("Allied 11"); ALLIED INTERSTATE, INC., a )
Registered Corporation in the State of )
Minnesota on January 21, 1997 ("Allied 12"); )
ALLIED INTERSTATE, INC., a Registered )
Corporation in the State of Minnesota on )
August 27, 1997 ("Allied 13"); ALLIED )
INTERSTATE, INC., a Registered Corporation )
in the State of Minnesota on May 28, 1993 )
("Allied 14"); ALLIED INTERSTATE WEST, )
INC., a Registered Corporation in the State of )
Minnesota on March 7, 2000 ("Allied 15"); )
ALLIED INTERSTATE, INC., a Registered )
Corporation in the State of Minnesota on )
June 2, 1998 ("Allied 16"); ALLIED )
INTERSTATE WEST, INC., a Registered )
Corporation in the State of Arizona on January )
20, 1992 ("Allied 17"); ALLIED INTERSTATE, )
INC., a Registered Corporation in the State of )
Minnesota on December 28, 2001 ("Allied 18"); )
JOHN DOE, formerly known as Allied )
Interstate, Inc., a for profit Wisconsin )
Corporation incorporated on May 31, 1990 )
("Allied 19"); ALLIED INTERSTATE, INC., a )
Registered Corporation in the State of )
Minnesota on July 19, 1993 ("Allied 20"); )
ALLIED INTERSTATE, INC., a Registered )
Corporation in the State of Minnesota on )
August 27, 1997 ("Allied 21"); ALLIED )
INTERSTATE, INC., a Registered Corporation )
in the State of Minnesota on August 16, 1990 )
("Allied 22"); ALLIED INTERSTATE, INC., a )
Registered Corporation in the State of )
Minnesota on September 16, 1996 ("Allied 23"); )
ALLIED INTERSTATE, INC., a Registered )
Corporation in the State of Minnesota on )
December 31, 2001 ("Allied 24"); ALLIED )
INTERSTATE, INC., a Registered Corporation )
in the State of Minnesota on January 10, 1994 )
("Allied 25"); ALLIED INTERSTATE, INC., a )
Registered Corporation in the State of )
Minnesota on August 25, 1954 ("Allied 26"); )
ALLIED INTERSTATE, INC., a Registered )
Corporation in the State of Minnesota on May )
25, 1994 ("Allied 27"); ALLIED INTERSTATE, )
INC., a Registered Corporation in the State of )
Minnesota on August 25, 1954, formerly known )

2

as Central Credit Adjustment, Inc., Edward's,    )
Inc., and Interstate Collection Service, Co.    )
("Allied 28"); ALLIED INTERSTATE, INC., a    )
Registered Corporation in the State of    )
Minnesota on August 1, 1984 ("Allied 29");    )
ALLIED INTERSTATE, INC., a Registered    )
Minnesota Corporation and foreign Corporation )
in California on December 31, 2001 ("Allied 30");)
ALLIED INTERSTATE, INC., a Registered    )
Utah Corporation, incorporated on December    )
15, 1999 ("Allied 31"); ALLIED INTERSTATE,    )
INC., a Registered Maryland Corporation    )
incorporated on November 4, 1999 ("Allied 32"); )
INTELLIRISK MANAGEMENT    )
CORPORATION, a Registered Delaware    )
Corporation ("IRMC"); ROMAC    )
ENTERPRISES, INC., a Registered    )
Corporation of the State of North Carolina,    )
incorporated on February 12, 1980 ("ROMAC");)
COLLECTECH SYSTEMS, INC., a Registered    )
Corporation of the State of California,    )
incorporated on November 4, 1987    )
("Collectech"); ROUNTREE ASSOCIATES,    )
JOHN DOES TWO    )
THROUGH FORTY-FIVE.    )

## COMPLAINT

Comes now Plaintiffs Tony Ashford, Mark Johnson, Steve and Shonna Melton,

Individually and as Husband and Wife, Dennis Miller, Bruce Meyers, Gary Wyrrick,

Dale and Misty Deffenbaugh, Individually and as Husband and Wife, and as Parents and

Next of Friend of Cory, Brandon, and Adam Deffenbaugh; and Joe and Martha

Pennington, Individually and as Husband And Wife (collectively referred to as

"Plaintiffs").

For Plaintiffs' claims against Defendants Allied Interstate, Inc., a for profit

Minnesota Corporation incorporated on June 19, 1997 ("Allied 1"); Allied Interstate,

Inc., a for profit Minnesota Corporation incorporated on July 23, 2001 ("Allied 2");

Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on April 25, 1996

("Allied 3"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on September 3, 1992 ("Allied 4"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on March 4, 1992 ("Allied 5"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on August 12, 1991 ("Allied 6"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on March 25, 1996 ("Allied 7"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on March 7, 2000 ("Allied 8"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on December 21, 2000 ("Allied 9"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on February 18, 1992 ("Allied 10"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on May 12, 1998 ("Allied 11"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on January 21, 1997 ("Allied 12"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on August 27, 1997 ("Allied 13"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on May 28, 1993 ("Allied 14"); Allied Interstate West, Inc., a for profit Minnesota Corporation incorporated on March 7, 2000 ("Allied 15"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on June 2, 1998 ("Allied 16"); Allied Interstate West, Inc., a for profit Arizona Corporation incorporated on January 20, 1992 ("Allied 17"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on December 28, 2001 ("Allied 18"); JOHN DOE, formerly known as Allied Interstate, Inc., a for profit Wisconsin Corporation incorporated on May 31, 1990 ("Allied 19"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on July 19, 1993 ("Allied 20"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on August 27, 1997 ("Allied 21"); Allied Interstate, Inc., a for profit

4

Minnesota Corporation incorporated on August 16, 1990 ("Allied 22"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on September 16, 1996 ("Allied 23"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on December 31, 2001 ("Allied 24"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on January 10, 1994 ("Allied 25"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on August 25, 1954 ("Allied 26"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on May 25, 1994 ("Allied 27"); Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on August 25, 1954 formerly known as Central Credit Adjustment, Inc., Edward's, Inc., and Interstate Collection Service, Co. ("Allied 28"); Allied Interstate, Inc., a Registered Corporation in the State of Minnesota on August 1, 1984 ("Allied 29"); Allied Interstate, Inc., a Registered Minnesota Corporation and foreign Corporation in California on December 31, 2001 ("Allied 30"); Allied Interstate, Inc., a Registered Utah Corporation, incorporated on December 15, 1999 ("Allied 31"); Allied Interstate, Inc., a Registered Maryland Corporation incorporated on November 4, 1999 ("Allied 32"); IntelliRisk Management Corporation, a Registered Delaware Corporation ("IRMC"); ROMAC Enterprises, Inc., a Registered Corporation of the State of North Carolina, incorporated on February 12, 1980 ("ROMAC"); Collectech Systems, Inc. a Registered Corporation of the State of California, incorporated on November 4, 1987 ("Collectech"); Rountree Associates and John Does Two Through Forty-Five, to be ascertained (collectively referred to as "THE ALLIED COMPANIES" OR "DEFENDANTS"), state as follows:

## JURISDICTION AND VENUE

### Defendants

1.      Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on June 19, 1997, in good standing, with principal office headquarters at 800 West Interchange W, 435 Ford Rd., Minneapolis, Minnesota, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered  with residents of the state of Oklahoma ("Allied 1").

2.      Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on July 23, 2001, in good standing, with principal office headquarters at 800 West Interchange W, 435 Ford Rd., Minneapolis, Minnesota, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered  and as otherwise may be discovered  with residents of the state of Oklahoma ("Allied 2").

3.      Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on April 25, 1996, in good standing, with principal office headquarters at 800 West Interchange W, 435 Ford Rd., Minneapolis, Minnesota, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered  and as otherwise may be discovered  with residents of the state of Oklahoma ("Allied 3").

4.      Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on September 3, 1992, in good standing, with principal office headquarters at 800 West Interchange W, 435 Ford Rd., Minneapolis, Minnesota, is a collection

agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered  and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 4").

5.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on March 4, 1992, in good standing, with principal office headquarters at 800 West Interchange W, 435 Ford Rd., Minneapolis, Minnesota, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered  and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 5").

6.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on August 12, 1991, in good standing, with principal office headquarters unknown, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 6").

7.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on March 25, 1996, in good standing, with principal office headquarters at 3111 South Dixie Highway, Suite 101, West Palm Beach, Florida, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered  and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 7").

8.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on March 7, 2000, in good standing, with principal office headquarters at 3111 South Dixie Highway, Suite 101, West Palm Beach, Florida, is a collection agency

in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 8").

9.      Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on December 21, 2000, in good standing, with principal office headquarters at 3111 South Dixie Highway, Suite 101, West Palm Beach, Florida, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 9").

10.    Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on February 18, 1992, in good standing, with principal office headquarters unknown, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 10").

11.    Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on May 12, 1998, in good standing, with principal office headquarters unknown, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 11").

12.    Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on January 21, 1997, in good standing, with principal office headquarters

unknown, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 12").

13.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on August 27, 1997, in good standing and licensed as a foreign profit corporation with the State of Massachusetts, with principal office headquarters at 435 Ford Rd., Minneapolis, Minnesota, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 13").

14.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on May 28, 1993, in good standing, with principal office headquarters unknown, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 14").

15.     Defendant Allied Interstate West, Inc., a for profit Minnesota Corporation incorporated on March 7, 2000, in good standing merged with a formerly known as Allied Interstate, Inc. companies, with principal office headquarters at 800 West Interchange W, 435 Ford Rd., Minneapolis, Minnesota, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt

collection and as otherwise may be discovered  and as otherwise may be discovered  with residents of the state of Oklahoma ("Allied 15").

16.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on June 2, 1998, in good standing, with principal office headquarters at 435 Ford Rd., Minneapolis, Minnesota, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered  and as otherwise may be discovered  with residents of the state of Oklahoma ("Allied 16").

17.     Defendant Allied Interstate West, Inc., a for profit Arizona Corporation incorporated on January 20, 1992, in good standing, with principal office headquarters at 55 North Arizona Pl., Suite 505, Chandler, Arizona, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered  and as otherwise may be discovered  with residents of the state of Oklahoma ("Allied 17").

18.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on December 28, 2001, in good standing, with principal office headquarters unknown, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered and as otherwise may be discovered  with residents of the state of Oklahoma ("Allied 18").

19.     Defendant Allied Interstate, Inc., a for profit Wisconsin Corporation incorporated on May 31, 1990, in good standing, with principal office headquarters unknown, is a collection agency in affiliation with all Defendants, engaged and/or

engages in the regular practice of debt collection and as otherwise may be discovered and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 19"). Allied 19 was merged with some other company, to be named as John Doe, presently unknown to Plaintiffs, and is the non surviving entity after such merger.

20.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on July 19, 1993, in good standing, with principal office headquarters at 3111 South Dixie Highway, HWY 101, West Palm Beach, Florida, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 20").

21.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on August 27, 1997, in good standing, with principal office headquarters at 435 Ford Rd., Minneapolis, Minnesota, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 21").

22.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on August 16, 1990, in good standing, with principal office headquarters at 800 West Interchange W, 435 Ford Rd., Minneapolis, Minnesota, and Registered on August 16, 1990 with the State of Oregon, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 22").

23.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on September 16, 1996, in good standing, with principal office headquarters

at 435 Ford Road, 800 West Interchange W, Minneapolis, Minnesota, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 23").

24.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on December 31, 2001, with principal office headquarters at 435 Ford Road, Suite 800, Minneapolis, Minnesota, and formerly known as Automated Credit Management, Inc., is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 24").

25.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on January 10, 1994, in good standing, with principal office headquarters at 435 Ford Road, 800 Interchange West, Minneapolis, Minnesota, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 25").

26.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on August 25, 1954, in good standing, with principal office headquarters at 435 Ford Road, 800 Interchange West, Minneapolis, Minnesota, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 26").

27.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on May 25, 1994, in good standing, with principal office headquarters at P.O. Box 1491, Minneapolis, Minnesota, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 27").

28.     Defendant Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on August 25, 1954 formerly known as Central Credit Adjustment, Inc., Edward's, Inc., and Interstate Collection Service, Co., in good standing, with principal office headquarters at 435 Ford Rd. #800, Minneapolis, Minnesota, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 28").

29.     Defendant Allied state, Inc. a for profit Minnesota Corporation, incorporated on August 1, 1984, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 29").

30.     Defendant Allied Interstate, Inc., a Registered Minnesota Corporation and foreign Corporation in California on December 31, 2001 is in good standing and has its primary mailing address at Piper Marbury et al, 1251 Ave. of the Americas, 29th Floor, New York, NY 10020-1104, and is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 30").

31.     Defendant Allied Interstate, Inc., a Registered Utah Corporation, incorporated on December 15, 1999, with its mailing address of 435 Ford Rd., Minneapolis, Minnesota is in good standing, and is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 31").

32.     Defendant Allied Interstate, Inc., a for profit Maryland Corporation, not in good standing, and incorporated on November 4, 1999, with its mailing address of 435 Ford Rd., Minneapolis, Minnesota, is a collection agency in affiliation with all Defendants, engaged and/or engages in the regular practice of debt collection and as otherwise may be discovered with residents of the state of Oklahoma ("Allied 32").

33.     Defendant IntelliRisk Management Corporation, a for profit Delaware Corporation, licensed to do business in the State of Ohio on April 7, 1998, with principal headquarters at 5050 Squirrel Bend, Columbus, Ohio, owns, manages, operates, controls or as otherwise discovered all Defendants named herein in the business of debt collection or as otherwise may be discovered with persons and/or entities in the State of Oklahoma. Further, it has additional offices at 2500 Corporate Exchange Drive, Suite 200, Columbus, Ohio and/or 3000 Corporate Exchange Drive, Columbus, Ohio, and acquired in 1998 and owns Allied Interstate based out of Minneapolis, Minnesota and/or as otherwise located, at all times pertinent to this matter ("IRMC"). IRMC shares the same directors, officers and executives with the Allied Companies and other Defendants and entities named herein. Further, IRMC acquired Rountree Associates, Inc., which is and/or was based in Massachusetts until it was acquired by IRMC on September 30, 1999 and which may or may not still be in existence.

34.     ROMAC Enterprises, Inc., a Registered Corporation of the State of North Carolina, incorporated on February 12, 1980 is affiliated with IRMC an Defendants and operates in debt collectionor as otherwise may discovered with persons and/or entities in the State of Oklahoma ("ROMAC");

35.     COLLECTECH SYSTEMS, INC., a Registered Corporation of the State of California, incorporated on November 4, 1987 is a debt collection agency in association with IntelliRisk Management Corporation with the same or similar officers of Defendants to this suit and engages in debt collection activities or other activities in the state of Oklahoma ("Collectech");

36.     Rountree Associates is a corporation located at 34 Main Street, #302, Plymouth, Massachusetts, in association with Defendants, with the same or similar officers of Defendants engaged in the practice of debt collection with Plaintiff Ashford and possibly others in the State of Oklahoma ("Rountree");

37.     That Defendants JOHN DOES TWO THROUGH FORTY-FIVE, to be ascertained, conduct business throughout the State of Oklahoma individually and in cooperation with Defendants and is otherwise located in the State of Oklahoma.

38.     That all Defendants are collectively and jointly and severally liable for the complaints of Plaintiffs by acting in concert with one another and other cancelled or involuntarily dissolved entities including but not limited to: Allied Interstate, Inc., a for profit Minnesota Corporation incorporated on September 6, 1991 ("Allied A"), Allied Interstate, Inc., a California Corporation incorporated on October 11, 1955 and suspended on November 2, 1959 (Allied "B"), Allied Interstate, Inc. a for profit Minnesota Corporation licensed on January 25, 1999 as a foreign business in the state of Nevada

15

("Allied C"), Allied Interstate, Inc., a for profit Minnesota Corporation licensed as a foreign business in the state of Illinois ("Allied D"), Allied Interstate, Inc., a for profit Foreign Corporation registered in the state of Indiana on November 17, 1999 ("Allied E"); Allied Interstate, Inc., a Minnesota Corporation qualified to conduct businesss on July 23, 2001, in the State of Ohio with principal headquarters at 800 Interchange West, 435 Ford Rd., Minneapolis, Minnesota ("Allied F"), Allied Interstate, Inc., a Minnesota Corporation licensed to conduct business in the State of North Carolina as of April 16, 1991 until revoked with principal headquarters at 800 Interchange West, 435 Ford Rd., Minneapolis, Minnesota ("Allied G"), Allied Interstate, Inc., a Minnesota Corporation licensed to conduct business in the State of New York as of April 25, 1996, with principal headquarters at 800 Interchange West, 435 Ford Rd., Minneapolis, Minnesota ("Allied H"), Allied Interstate, Inc., a for profit corporation licensed as a foreign business in the state of Michigan on May 28, 1993 ("Allied I").

**Plaintiffs**

39.     That the Plaintiffs Mark Johnson ("Johnson"); Dennis Miller ("Miller"); Bruce Meyers ("Meyers"); and Gary Wyrrick ("Wyrrick"), are residents of Tulsa County, Oklahoma and were harassed by Defendants in Tulsa County, Oklahoma.

40.     That Plaintiff Tony Ashford ("Ashford") is a resident of Cleveland County, Oklahoma and was harassed by Defendants in the State of Oklahoma.

41.     That Plaintiffs Steve and Shonna Melton, Individually and as Husband and Wife ("Meltons") are or were residents of Osage County, Oklahoma and were harassed by Defendants in the State of Oklahoma.

42.     That Plaintiffs Dale Deffenbaugh and Misty Deffenbaugh, Individually and as Husband and Wife, and as Parents and Next of Friend of Cory, Brandon, and Adam Deffenbaugh ("Deffenbaugh Family") and Joe and Martha Pennington, Individually and as Husband And Wife ("Penningtons") are residents of Rogers County, Oklahoma and were harassed by Defendants in the State of Oklahoma.

### General Jurisdiction and Venue

43.     Jurisdiction and venue are proper in this Court.

### STATEMENT OF FACTS

44.     Plaintiffs incorporate be reference paragraphs one (1) through forty-three (43) as if fully set forth herein and further alleges and states as follows:

45.     Defendants harassed Plaintiffs in their efforts to collect debts disputed by them. All debts were alleged to have been owed to Southwestern Bell Wireless and/or Cingular Wireless, L.L.C. (collectively referred to as "Cingular") for cellular plan services as their agent and/or otherwise and Defendant sought to collect such disputed debts on Cingular's behalf in an effort to improperly receive payment of debts not owed.

46.     Cingular supplied Defendants with incorrect and/or otherwise disputed billing debts and then Defendants sought to collect upon them and otherwise civilly conspired with Cingular, as its collection agent, to force Plaintiffs to pay disputed debts.

47.     Defendants failed to resolve billing disputes in a timely manner and/or as required under existing laws; attempted and/or did place Plaintiffs under duress and coercion to extort payment for disputed debts; took advantage of least sophisticated Plaintiffs by improper collection threats and refusing to correct and/or remedy their improper charges and/or falsely reporting to others that monies were due when they were

not; Defaming Plaintiffs in representing they owed monies which were not due; and/or as may be discovered. These actions and others discussed herein rise to the level of intentional conduct and fraud for which the Plaintiffs seek redress.

## COUNT I:
## AGENCY

48.    Plaintiffs incorporate paragraphs one (1) through forty-seven (47) herein by reference as if fully set forth herein and further alleges and states as follows:

49.    All Defendants are liable for the actions, omissions and all other acts complained of herein jointly and severally and under the theories of agency, respondeat superior and vicarious liability and as otherwise provided for under law for the acts of co-Defendants and all Defendants in Case No. 01-CV-0722-K(M) pending before this court.

50.    Further, Defendants in Case No. 01-CV-722 are jointly and severally liable for the acts complained of herein under the theories of agency, respondeat superior and vicarious liability and as otherwise provided for under law.

51.    IntelliRisk Management Corporation is jointly and severally liable for the acts and omissions of Defendants giving rise to this litigation under theories of negligent supervision, negligent management, negligent hiring, and/or failure to discipline, agency theories, respondeat superior, vicarious liability or as otherwise may be discovered and provided for under law.

WHEREFORE, Plaintiffs respectfully request that Defendants be held jointly and severally liable for each other's conduct as complained and alleged herein in an amount in excess of $75,000.00 each for which punitive damages are sought.

## COUNT II:

## VIOLATION OF CONSUMER PROTECTION ACTS

52.     Plaintiffs incorporate paragraphs one (1) through fifty-one (51) herein by reference as if fully set forth herein and further alleges and states as follows:

53.     Pursuant to 15 O.S. § 751 et seq., Defendants have violated the Oklahoma Consumer Protection Act and other federal protection acts as well. Defendants have engaged in practices which are declared to be unlawful. The practices of Defendants upon which this suit is based are Deceptive Trade Practices. Defendants' misrepresentations, omissions or other practices as stated herein are in violation of Oklahoma Consumer Protection Act and other federal consumer protection acts.

54.     Plaintiffs are each consumers under the definition of the Oklahoma Consumer Protection Act and other federal protection acts.

55.     Defendants engaged in deceptive trade practices by misrepresenting the actions it would take if payments were not made by Plaintiffs.

56.     Defendants omitted terms and conditions and committed other practices that deceived or could reasonably be expected to deceive or mislead Plaintiffs to their detriment.

57.     Defendants misled Plaintiffs by making promises and other warranties as contained herein or otherwise which were deceptive, fraudulent and misleading.

58.     In the course of Defendants' business, Defendants have done the following to wit: (a) Intentionally or recklessly making a false or misleading representations of fact concerning the price of the subject of Plaintiffs' transactions with Defendants and/or the

amounts of certain price reductions; (b) Knowingly and/or intentionally causing a charge to be made to Plaintiffs for services which Plaintiffs did not authorize or owe; and/or (c) Knowingly and/or intentionally causing charges to be made by Defendants' billing methods to Plaintiffs which Defendants knew Plaintiffs did not authorize.

59.   Defendants' misrepresentations, omissions or other practices as stated herein deceived or could have reasonably been expected to deceive or mislead Plaintiffs to their detriment.

60.   Defendants caused charges to be made to Plaintiffs by billing methods for services and/or products which Defendants knew were not authorized in advance by Plaintiffs.

61.   Defendant knowingly or with reason to know made false or misleading statements of fact concerning its collection efforts.

62.   Defendants knew or had reason to know that the transactions they induced the Plaintiffs to enter into was excessively one-sided in their favor.

63.   The acts complained of herein are deceptive trade practices and collectively referred to as "Deceptive Trade Practices."

64.   These Deceptive Practices occurred after Plaintiff's contracted orally or in writing with Cingular for cellular services.

65.   Defendants knowingly or with reason to know, took advantage of Plaintiffs.

66.   Plaintiffs were reasonably unable to protect their interests because of their inability to effectively protect their interest against Defendants, who refused to remedy their disputes, despite requests to do so.

67.    As a result, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs respectfully request actual damages, costs of litigation including reasonable attorney's fees, the payment of a civil penalty in the amount of Two Thousand Dollars ($2,000.00) and/or Ten Thousand ($10,000) for each violation per person, damages for emotional distress, punitive damages and in addition to other penalties that may be imposed by the court, as the court shall deem necessary and proper and/or as otherwise permitted by law.

## COUNT III:
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

68.    Plaintiffs incorporate paragraphs one (1) through sixty-seven (67) herein by reference as if fully set forth and further alleges and states as follows:

69.    Defendants are in violation of the Fair Debt Collection Practices Act, 15 U S.C §§ 1692 et. seq. and Plaintiffs are consumers as defined by 15 U.S.C.A. § 1692d.

70.    Defendants did cause communication with one or more of Plaintiffs at unusual times or places or at certain times or places known or which should be known to be inconvenient to Plaintiffs.

71.    Defendants knew one or more Plaintiffs were represented by counsel with respect to their debts, yet communicated with them anyway. Defendants harassed agents of one or more Plaintiffs.

72.    Defendants communicated with one or more of Plaintiffs at their place of employment despite knowing or having reason to know that Plaintiffs' employer prohibited Plaintiffs from receiving such communication.

73.        Defendants communicated regarding the collection of one or more of its alleged debts with third parties other than Plaintiffs or their attorney.

74.        One or more Plaintiffs notified Defendants orally and/or in writing that they refused to pay the alleged debts and/or that the Plaintiffs wished Defendants to cease further communications with them. Defendants continued to contact one or more Plaintiffs after such notification.

75.        Defendants employed false, deceptive, or misleading representations or means in connection with the collection of the alleged debts of Plaintiffs, which are statutory prohibited.

76.        Defendants conduct was defamatory, harassive, oppressive, and abusive conduct toward Plaintiffs.

77.        Defendants caused false credit reports to be filed against one or more Plaintiffs.

78.        Defendants terrorized the Deffenbaugh children and represented the Meltons would be arrested if they were not paid the disputed debts.

79.        Defendants conduct has damaged Plaintiffs.

WHEREFORE, Plaintiffs have been damaged by Defendants' conduct and request actual damages, damages for emotional distress, civil penalties, punitive damages, the costs of the action, together with a reasonable attorney's fee and costs.

## COUNT IV:

## VIOLATION OF THE FAIR CREDIT REPORTING ACT AND

## DEFAMATION

80.　　　　　　　Plaintiffs incorporate paragraphs one (1) through seventy-nine (79) herein by reference as if fully set forth and further alleges and states as follows:

81.　　　　　　　Defendants are in violation of the Fair Credit Reporting Act, 15 U.S.C §§ 1681 et. seq.

82.　　　　　　　Defendants defamed one or more Plaintiffs in that they either filed false credit reports or threatened to file false credit reports against them and/or otherwise made disparaging remarks about Plaintiffs to others.

83.　　　　　　　Defendants failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' reports, the validity of Plaintiffs' disputes, whether their statements were correct, or otherwise notify the credit bureaus one or more Plaintiffs disputed their debts.

84.　　　　　　　Defendants were furnishers of information for purposes of the Fair Credit Reporting Act, 15 U.S.C.A. sec. 1681s-2. ("FCRA")

85.　　　　　　　Defendants were prohibited from reporting information or threatening to report information with knowledge of actual errors.

86.　　　　　　　Plaintiffs notified Defendants of their dispute concerning the allegedly delinquent charges assessed against them.

87.　　　　　　　Defendants recklessly and/or intentionally furnished information relating to Plaintiffs with knowledge of errors and/or disputes. Defendants caused injuries to one or more Plaintiffs by their libel and slander and/or as otherwise may be discovered.

88.        Defendants had a duty to update and/or correct such information and/or notify the credit agencies that its reports were disputed, yet did not timely do so.  Defendants had a duty to investigate the disputes in a timely manner and correct the same, yet did not do so.

89.        Defendants were recklessly indifferent to Plaintiffs' rights.

WHEREFORE, Defendants willfully failed to comply with the requirements of the FCRA with respect to one or more Plaintiffs thereby causing them actual damages of not less than $100 and up to and greater than $1,000; damages for emotional distress and other actual damages, punitive damages, costs and attorney fees, embarrassment, anxiety, humiliation and emotional stress.

## COUNT V:

## FRAUD, DECEIT AND MISREPRESENTATION

90.        Plaintiffs incorporate paragraphs one (1) through eighty-nine (89) herein by reference as if fully set forth and further alleges and states as follows:

91.        That the acts of Defendant as set forth above constitutes fraud, deceit and misrepresentation for which Plaintiffs are entitled to recover from Defendants.

92.        Defendants knew or should have known its representations were false.

93.        Defendants made misrepresentations to the Meltons they would be arrested, if they did not pay their disputed debt, and to the Deffenbaugh children in defamation of their father and subsequent representation that they were coming over when they knew the children were alone, thereby terrorizing them and/or causing them fear or other distress and as otherwise may be discovered.

94.     Defendant made such false representation with intent that Plaintiffs would either act on said false representations by paying their disputed debts with Cingular to them.

95.     On or more Plaintiffs acted in reliance upon Defendants' misrepresentations.

96.     Plaintiffs suffered injuries as a result of Defendants' misrepresentations.

97.     Plaintiffs suffered all injuries and damages alleged in this Petition as a result of Defendants' misrepresentations.

WHEREFORE, Plaintiffs request each Defendant be held jointly and severally liable for their actual damages, punitive damages, attorneys' fees and costs all damages previously alleged, and any and all other relief as may be provided for under law or as this Court deems equitable and just.

## COUNT VI:
## NEGLIGENCE

98.     Plaintiffs incorporate paragraphs one (1) through ninety-seven (97) herein by reference as if fully set forth and further alleges and states as follows:

99.     Defendants had a duty to use ordinary care to effectively administer and collect debts in accordance with law and as otherwise may be discovered. Defendants had a duty to ensure its affiliates and employees operated in accordance with the law, and to properly hire, train, supervise and discipline employees.

100.    Defendants breached their duties to Plaintiffs.

101.    Defendants' breach was the cause of Plaintiffs' injuries for which they seek redress.

102.    Plaintiffs were damaged by Defendants' negligence.

103.    Defendants' negligence rises to the level of intent or reckless disregard for Plaintiffs.

WHEREFORE, Plaintiffs request actual damages, punitive damages, damages for emotional distress, attorney fees and costs and as otherwise are permitted under law and requested herein.

## COUNT VII:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

104.    Plaintiffs incorporate paragraphs one (1) through one hundred three (103) herein by reference as if fully set forth and further alleges and states as follows:

105.    Defendants' acts and omission of intentional misconduct as contained herein harmed Plaintiffs.

106.    The acts complained of herein are extreme and outrageous and not be tolerated in civilized society.

107.    Further, Defendants repeatedly engage in this conduct due to the vastly inferior financial and legal position of Plaintiffs.

108.    Defendants have engaged in a course of conduct designed to exploit Plaintiffs and other consumers in an inferior position which is extreme and outrageous in today's civilized society.

109.    The acts complained of herein were intentionally done with reckless disregard for Plaintiffs and with the intent to so distress them and coerce them into paying fees not owed.

110.    Defendants' conduct goes beyond all possible bounds of decency and are atrocious and utterly intolerable in a civilized society.

111.    That the intentional or reckless acts of Defendant caused emotional distress to Plaintiffs beyond which a reasonable person should be expected to endure.

112.    That Defendants desired to cause such distress and knew or should have known such distress was substantially certain to result from their conduct.

113.    That Defendant knew or should have known there was a substantial probability that emotional distress would result from its conduct and that it deliberately disregarded that possibility.

114.    As a direct and proximate result of Defendant's acts, Plaintiffs suffered damages including, but not limited to, mental pain and suffering, mental anguish, highly unpleasant mental reactions, fright, horror, grief, humiliation, embarrassment, anger, worry, financial loss, physical discomfort and inconvenience, physical injury and emotional distress.

WHEREFORE, Plaintiffs request damages for the emotional distress caused by Defendants, attorney fees and costs, actual and punitive damages and any and all other relief as this Court deems equitable and just.

## COUNT VIII:
## CLAIM FOR PUNITIVE DAMAGES

115.    Plaintiffs incorporate paragraphs one (1) through one hundred-fourteen (114) herein by reference as if fully set forth and further alleges and states as follows

116.    Defendants negligently, recklessly, intentionally, willfully and maliciously performed the outrageous conduct described above.

117.    That Defendants' acts were in reckless disregard of the rights of Plaintiffs and/or Defendants acted intentionally and with malice towards Plaintiffs and other consumers in the State of Oklahoma.

118.    That Defendants should be made examples of to show that such actions are intolerable in a civilized society.

119.    Thus, Defendants should be punished by way of punitive damages in an amount to be determined by a jury in this matter.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this Court grant judgment against Defendant for actual damages for a sum in excess of $75,000.00 and punitive damages for a sum in excess of $75,000.00 for each Plaintiff and for such other and further relief as may be equitable and just in the premises, including but not limited to, attorney fees and costs of suit.

## CONCLUSION

COUNT I:    WHEREFORE, Plaintiffs respectfully request that Defendants be held jointly and severally liable for each other's conduct as complained and alleged herein in an amount in excess of $75,000.00 each for which punitive damages are sought.

COUNT II:    WHEREFORE, Plaintiffs respectfully request damages from Defendants jointly and severally for actual damages, costs of litigation including

reasonable attorney's fees, the payment of a civil penalty in the amount of Two Thousand Dollars ($2,000.00) and/or Ten Thousand ($10,000) for each violation per person, damages for emotional distress, punitive damages and in addition to other penalties that may be imposed by the court, as the court shall deem necessary and proper and/or as otherwise permitted by law for violation of the Oklahoma Consumer Protection Act and federal consumer protection acts, in an amount in excess of $75,000.00 each.

COUNT III:   WHEREFORE, Plaintiffs have been damaged by Defendants' conduct and request actual damages, civil penalties, damages for emotional distress, punitive damages, the costs of the action, together with a reasonable attorney's fee as determined by the court for violation of the Fair Debt Collection practices Act under Oklahoma and federal laws and for defamation and intentional infliction of emotional distress against Defendants jointly and severally, in an amount in excess of $75,000.00 each.

COUNT IV:   WHEREFORE, Defendants are jointly and severally liable in that they willfully failed to comply with the requirements of the FCRA with respect to one or more Plaintiffs thereby causing them actual damages of not less than $100 and up to and greater than $1,000; punitive damages, costs and attorney fees, embarrassment, anxiety, humiliation, defamation and emotional stress for violation of the Fair Credit Reporting Act and defamation, libel, and slander, in an amount in excess of $75,000.00 each.

COUNT V:   WHEREFORE, Plaintiffs request each Defendant be held jointly and severally liable for their actual damages, punitive damages, attorneys' fees and costs all damages previously alleged, and any and all other relief as may be provided for under

law or as this Court deems equitable and just for Defendants' fraud, deceit and misrepresentation, in an amount in excess of $75,000.00 for each Plaintiff.

COUNT VI:   WHEREFORE, Plaintiffs request each Defendant be held jointly and severally liable for their actual damages, punitive damages, damages for emotional distress, attorney fees and costs and as otherwise are permitted under law and requested herein for Defendants' negligence, in an amount in excess of $75,000.00 for each Plaintiff.

COUNT VII: WHEREFORE, Plaintiffs request damages for the emotional distress caused by Defendants on all counts, attorney fees and costs, actual and punitive damages and any and all other relief as this Court deems equitable and just for Defendants' intentional infliction of emotional distress, in an amount in excess of $75,000.00 for each Plaintiff.

COUNT VIII: WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this Court grant judgment against Defendants for each Plaintiff for a sum in excess of $75,000.00 for each Plaintiff and for such other and further relief as may be equitable and just in the premises, for punitive damages against Defendants based on their combined income, in such a manner as to dissuade Defendants from continuing their actions.

Plaintiffs request any and all other relief as provided for by law and as otherwise requested herein, and/or as this Court deems equitable and just, including injunctive relief to cease all collection efforts and false credit reports.

Respectfully Submitted,
CINOCCA & ASSOCIATES, P.C.

_____
Tracy A. Cinocca, OBA #17850
5215 E 71st Street, Suite 400
Tulsa, Oklahoma 74136
*Telephone: (918) 488-9117*
Facsimile: (918) 488-9198
*Attorney for Plaintiffs*

**ATTORNEY'S LIEN CLAIMED**